UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON ORVILLE KING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN DAVID ROGERS, )<br>)<br>Respondent. ) | Case No. CIV-23-262-J |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that the Petition be dismissed as second or successive (Rep. & Rec.) [Doc. No. 16]. Petitioner has objected (Petr.'s Obj.) [Doc. No. 17], triggering de novo review.

**I.   Background**

Petitioner was convicted of first-degree murder in Osage County District Court in 2003. In 2008, using a 28 U.S.C. § 2254 amended petition form, Petitioner challenged that conviction in the Northern District of Oklahoma. *See King v. Oklahoma*, CIV-08-93-TCK-FHM, Doc. No. 3 (N.D. Okla. Mar. 10, 2008). That court granted the respondent's motion to dismiss and dismissed the § 2254 petition as untimely. *See King v. Addison*, 2009 WL 484345 (N.D. Okla. Feb. 25, 2009).

Petitioner filed the instant Petition in March 2023, challenging the same state court conviction. *See* Pet., *passim.*

## II.     The Report and Recommendation Findings

On review, Judge Mitchell noted the procedural history and concluded that because Petitioner had already filed one § 2254 petition, the current Petition constitutes a second or successive request for habeas relief.  As such, Petitioner must have the Tenth Circuit's authorization to proceed.  *See* Rep. & Rec. at 5 (citing 28 U.S.C. § 2244(b)(3)(A)).  Judge Mitchell further concluded that Petitioner had not provided any argument that would support authorization under § 2244(b)(2)(A)-(B), and thus the Petition should be dismissed rather than transferred to the Tenth Circuit.  *See id.* at 6-8.

## III.    Petitioner's Objection

With liberal construction, Petitioner argues that his Northern District case was improperly construed as a § 2254 petition and thus the instant action is "certifiably the [first] one."  Petr.'s Obj. at 1.  However, as noted above, Petitioner used a § 2254 form when he filed his amended petition, and a review of that case finds no objection from Petitioner regarding its construction.  *See supra* at 1; *see also King*, CIV-08-93-TCK-FHM, *passim.*

Petitioner's remaining arguments either reiterate his underlying claims for habeas relief or urge the Court not to dismiss the action; however, they do not specifically address § 2244's authorization requirement or articulate grounds that would encourage the Court to transfer, rather than dismiss, the action.  *See* Petr.'s Obj., at 1-2.

## IV.    Conclusion

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objection de novo, the Court agrees with Judge Mitchell's analysis.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 16] and DISMISSES Petitioner's Petition [Doc. No. 1] as second or successive.  The Court further DENIES Petitioner's motion to compel a

ruling [Doc. No. 8] as moot. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 12th day of September, 2023.

_[signature]_
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE